UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ALLIED FEDERATION, BROTHERHOOD OF            PLAINTIFF
MAINTENANCE OF WAY EMPLOYEES
DIVISION OF INTERNATIONAL
BROTHERHOOD OF TEAMSTERS

vs.                                                                               NO. 3:21-CV-13-CRS

**CSX TRANSPORTATION, INC.**                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

I.

This matter is before the Court on Defendant CSX Transportation, Inc.'s ("CSXT's") motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). DN 15. Defendant claims that the allegations brought by Plaintiff Allied Federation, Brotherhood of Maintenance of Way Employees Division of International Brotherhood of Teamsters ("BMWE" or the "Union") regarding the rollout of Defendant's new electronic timekeeping system constitute a minor dispute under the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, over which this Court lacks subject-matter jurisdiction. DN 15 at 8. Plaintiff filed a response, and Defendant replied. DN 19; DN 20. This matter is now ripe for adjudication. For the reasons stated below, Defendant's motion will be denied.

II.

Defendant is a large freight railroad corporation and is a "carrier" within the meaning of the RLA, 45 U.S.C. § 151. DN 1 at 4. BMWE is a labor union that represents Defendant's maintenance-of-way employees and is an "organization" within the meaning of the RLA, 45

1

U.S.C. § 151. *Id.* at 3. The parties entered into a collective bargaining agreement ("CBA"), which governs the terms of employment of Defendant's BMWE-represented employees. *Id.*; DN 15-3.

This case "centers on CSXT's implementation of 'TIMEtrax,' a component of its payroll system used for tracking employee time." DN 15 at 8; *see also* DN 1 ¶ 3. In 2018, Defendant implemented a limited rollout of this new program for approximately fifty BMWE-represented employees. DN 15-2 at 4. The program went into effect for all of Defendant's maintenance-of-way employees on November 14, 2020. *Id.* At this time, counsel for BMWE sent a letter to Defendant demanding that it immediately rescind the program, claiming that it constituted a change in the terms of the CBA and therefore required Defendant to bargain with the Union. DN 15-6. Defendant denied these allegations and refused to rescind the timekeeping system. DN 15-7. After a period of correspondence between the parties did not resolve the matter, Plaintiff notified Defendant that it would be filing suit in federal court. DN 15-10 at 2.

BMWE then filed this action seeking declaratory judgment and injunctive relief. DN 1. The complaint alleges violations of the RLA as well as irreparable injury to Plaintiff and the CSXT employees it represents. *Id.* at 9–12. The thrust of the complaint is Plaintiff's claim that the new timekeeping system and related rules require employees to clock in during a seven-minute window prior to the beginning of their scheduled start time and to clock out during a seven minute window after their scheduled end time. *Id.* at 5. Plaintiff alleges that since employees are not compensated for this time during which they are clocked in outside of their regularly scheduled worktime, the new timekeeping policy violates express terms of the CBA regarding standard workdays and workweeks as well as payment and calculation of overtime. *Id.* at 6–8. Specifically, the complaint alleges that Defendant's unilateral implementation of TIMEtrax and its refusal to bargain with the Union violates Section 6 of the RLA, which lays out certain requirements that must be met before

2

changing the terms of a prior agreement, such as giving notice, bargaining, and maintaining the status quo until the parties reach an agreement. *Id.* at 9–10; 45 U.S.C. § 156.

Defendant filed the present motion to dismiss for lack of subject-matter jurisdiction. DN 15. Defendant attached various affidavits and exhibits to its motion indicating that employees are not actually *required* to clock in before their scheduled start time or to clock out after their scheduled end time. *See, e.g.*, DN 15-1 at 5; DN 15-2 at 6. Rather, the evidence suggests that the new program merely features a "grace period" of seven minutes before and after employees' scheduled start and end times during which employees may clock in or out and still be considered to have worked a full workday. DN 15-2 at 6. In any event, Defendant argues that the current dispute over its implementation of TIMEtrax is a "minor" one, which falls under the exclusive jurisdiction of the arbitration boards established under the RLA, and that this Court should dismiss the action for lack of subject-matter jurisdiction. DN 15 at 8.

## III.

"Under the RLA, disputes are separated into two distinct categories: major disputes and minor disputes." *Airline Prof'ls Ass'n of the Int'l Bhd., of Teamsters, Local Union No. 1224 v. ABX Air, Inc.*, 274 F.3d 1023, 1027–28 (6th Cir. 2001). Whether the dispute is major or minor greatly impacts the availability and scope of judicial review. *See id.* When the dispute is determined to be major, "the RLA mandates a lengthy process of negotiation and mediation before either party may resort to self-help." *Id.* at 1028. For major disputes, district courts "have subject matter jurisdiction to enforce the status quo pending completion of the statutorily prescribed procedures." *Id.* However, minor disputes are "subject to compulsory and binding arbitration before an adjustment board." *Id.* Furthermore, "[j]udicial review of the adjustment board's decision is limited, and there is no requirement that the parties maintain the status quo pending

3

board resolution of the dispute." *Id.* The Supreme Court has explained the difference between these two categories of disputes as follows: "major disputes seek to create contractual rights, minor disputes to enforce them." *Conrail v. Ry. Labor Executives' Ass'n*, 491 U.S. 299, 302, 109 S. Ct. 2477, 2480 (1989). If the employer's contested action is "arguably justified" under the terms of the parties' existing bargaining agreement, and not "frivolous or obviously insubstantial," then the dispute is considered to be a minor one. *Id.* at 307.

Until the 2012 case *Emswiler v. CSX Transportation, Inc.*, the rule in the Sixth Circuit, was that "a motion to dismiss pursuant to 12(b)(1) must be sustained" when the dispute was classified as minor and the aggrieved party had not first arbitrated the matter. *Emswiler v. CSX Transp., Inc.*, 691 F.3d 782, 788 (6th Cir. 2012) (quoting *Kaschak v. Consol. Rail Corp.*, 707 F.2d 902, 905 (6th Cir. 1983)); *see also McKinney v. Int'l Assoc. of Machinists & Aerospace Workers, Dist. Lodge No. 1450, I.A.M.*, 624 F.2d 745, 748 (6th Cir. 1980). For example, in *Stephens v. Ret. Income Plan for Pilots of U.S. Air, Inc.*, the Sixth Circuit upheld a district court's dismissal of an action for lack of subject-matter jurisdiction because the employer had met its burden of showing that the dispute was minor. 464 F.3d 606, 610 (6th Cir. 2006) ("If the issue is a 'minor dispute,' . . . the district court cannot have subject matter jurisdiction.").

However, using the reasoning set forth in the Supreme Court case *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), the Sixth Circuit in *Emswiler* changed its stance on whether a failure to arbitrate minor disputes under the RLA actually robs a district court of subject-matter jurisdiction. 691 F.3d at 788–90. In *Arbaugh*, the Court "endeavored to clarify the distinction between two frequently conflated concepts: federal-court 'subject-matter' jurisdiction over a controversy; and the essential ingredients of a federal claim for relief." *Id.* at 788 (internal quotation marks omitted) (quoting *Arbaugh*, 546 U.S. at 511.) "The Court expressed concern about what it called 'drive-by

4

jurisdictional rulings' and observed that such 'less than meticulous' rulings should not be accorded precedential effect." *Id.* at 788–89 (quoting *Arbaugh*, 546 U.S. at 511.). As a solution, *Arbaugh* created the "clear statement rule," which provides that unless Congress explicitly signifies that a certain statutory requirement operates as a jurisdictional threshold, then "courts should treat the restriction as nonjurisdictional in character." *Arbaugh*, 546 U.S. at 515–16. After noting other cases in which the jurisdictional nature of certain statutory requirements had been reconsidered in light of the *Arbaugh* decision, *Emswiler* held the clear statement rule applicable to the text of the RLA with respect to the effect of minor disputes on a district court's subject-matter jurisdiction. 691 F.3d at 789–90. In doing so, *Emswiler* abrogated previous Sixth Circuit cases such as *Stephens* to the extent that they stand for the proposition that district courts lack subject-matter jurisdiction over minor disputes that have not first gone through the mandatory arbitration process that is prescribed under the RLA. *Id.* The court reasoned:

> While the RLA clearly precludes the federal courts from granting relief on minor disputes that have not first been brought through the RLA arbitral process, such disputes still raise a question "arising under" federal law, i.e. the RLA. *See* 45 U.S.C. § 153 First (i), (p), (q); 28 U.S.C. § 1331. So, it is "less than meticulous" to say that failure to arbitrate under the RLA deprives the courts of subject matter jurisdiction. *See Arbaugh*, 546 U.S. at 511. Rather, the failure to arbitrate impacts the plaintiff's "'ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits-related determination.'" *Arbaugh*, 546 U.S. at 511 (quoting 2 J. Moore et al., Moore's Federal Practice § 12.30[1], p. 12-36.1 (3d ed. 2005)). Thus, we find that this Circuit's cases stating that a failure to exhaust RLA remedies in a minor dispute deprives the courts of subject matter jurisdiction "should be accorded no precedential effect."
>
> . . .
>
> Accordingly, we hold that, in the "aftermath of Arbaugh," completion of the RLA-mandated arbitral process does not affect a district court's subject matter jurisdiction over a claim but instead goes to the court's ability to reach the merits of a dispute and grant relief—"mandatory though the exhaustion requirement . . . may be, it is not jurisdictional."

*Id.* (quoting *Hoogerheide v. I.R.S.*, 637 F.3d 634, 636 (6th Cir. 2011)).

5

The Court has not found any cases from other Circuits that have adopted the approach in *Emswiler*.[1] The Seventh Circuit has posed the question regarding jurisdiction in light of *Arbaugh* but has yet to rule on it. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 831 (7th Cir. 2014). Although *Emswiler* ultimately upheld the lower court's grant of summary judgment on the grounds that the dispute was minor, its holding with respect to district courts' subject matter jurisdiction over minor disputes directly affects cases, such as the present one, where a motion to dismiss is predicated solely on Rule 12(b)(1). District courts in the Sixth Circuit have readily applied *Emswiler* in RLA cases when the sole argument before it was lack of subject-matter jurisdiction. For instance, in *Upperman v. Southwest Airlines Co.*, the court summarily rejected a defendant's Rule 12(b)(1) motion, noting the "straightforward and fatal problem" presented by the *Emswiler* decision. No. 2:17-cv-00348, 2018 U.S. Dist. LEXIS 11138, at *4–5 (S.D. Ohio Jan. 24, 2018); *but see Ass'n of Flight Attendants‑CWA v. Spirit Airlines, Inc.*, No. 2:12-CV-15641, 2013 U.S. Dist. LEXIS 62819, at *18 (E.D. Mich. May 2, 2013) (dismissing minor dispute when motion was predicated on "Rule 12(b)(6) and/or 12(b)(1)").

The Court acknowledges that, in one sense, the *Emswiler* holding may amount to a distinction without a difference, since a district court may not reach the merits of a case or grant relief when a dispute is minor. Regardless, this Court cannot grant a motion on grounds that the

---

[1] Even within the Sixth Circuit, *Emswiler* appears to have been overlooked at times. For instance, *Flight Options, LLC v. Int'l Bhd. of Teamsters, Local 1108*, states that "a dispute's amenability to resolution through contractual interpretation typically renders it a minor dispute . . . over which district courts have no jurisdiction." 863 F.3d 529, 541 (6th Cir. 2017). However, that case cites *Stephens v. Ret. Income Plan for Pilots of U.S. Air, Inc.*, 464 F.3d 606, 610 (6th Cir. 2006) for that proposition, whose precedential authority was explicitly limited by *Emswiler*. 691 F.3d at 789–90. In addition, *Flight Options* dealt with a major dispute, and the quoted text regarding jurisdiction was not central to the outcome of that case. 863 F.3d at 540–44. Another instance appears in *ABX Air, Inc. v. Int'l Bhd. of Teamsters*, 219 F. Supp. 3d 665, 673 (S.D. Ohio 2016) in which the district court granted a defendant's Rule 12(b)(1) motion because it found the dispute to be minor. This outcome appears to be at odds with *Emswiler*.

Sixth Circuit has deemed improper. Therefore, while Defendant's arguments regarding whether this case constitutes a minor dispute, and therefore is subject to mandatory arbitration under the RLA, may be well taken, the Court will not address the merits of these arguments when the only motion before it is one to dismiss for lack of subject-matter jurisdiction. Plaintiff's claims under the RLA clearly present a federal question that gives this court subject-matter jurisdiction under 28 U.S.C. § 1331. Accordingly, Defendant's Rule 12(b)(1) motion will be denied since, as established by *Emswiler*, the issue of whether the present dispute is minor and is therefore subject to mandatory arbitration does not affect this Court's subject-matter jurisdiction.

## IV.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the Defendant, CSX Transportation, Inc, DN 15, to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, is **DENIED**.

**IT IS SO ORDERED.**

August 9, 2021

Charles R. Simpson III, Senior Judge
United States District Court